UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS J. BARNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00026-JPH-DLP ) |
| BRANDON HUNSLEY, | ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

I. INTRODUCTION

Plaintiff initiated this action by filing a *pro se* Complaint on January 18, 2022. (Dkt. 1). Thereafter, the Honorable James Patrick Hanlon issued an Order referring this matter to the Undersigned to issue a final report and recommendation on the screening of Mr. Barnes's Complaint and the need for payment of the initial filing fee or request to proceed *in forma pauperis*. (Dkt. 3).

On January 26, 2022, the Undersigned issued a Report and Recommendation recommending that Plaintiff be required to pay the filing fee in full or submit a motion for leave to *proceed in forma pauperis* prior to screening of the complaint. (Dkt. 4). On February 10, 2022, Judge Hanlon adopted the Undersigned's Report and Recommendation. (Dkt. 5). On February 28, 2022, Plaintiff paid the filing fee. (Dkts. 6, 7).

II. LEGAL STANDARD

This Court has inherent authority to screen cases that are "transparently defective in order to save everyone time and legal expense." *Stephens v. Felsch*, No. 3:20-cv-00729-GCS, 2020 WL 9607901, at *1 (S.D. Ill Sept. 25, 2020), *R. & R. adopted*, No. 20-CV-729-GCS-SMY, 2020 WL 6395494 (S.D. Ill. Nov. 2, 2020) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)). This authority extends to cases in which the plaintiff has paid the filing fee. *Hoskins*, 320 F.3d at 763; *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Accordingly, the Undersigned will screen Plaintiff's *pro se* Complaint to ensure that the action is not frivolous or malicious, that the Complaint complies with the Federal Rules of Civil Procedure, and that the Court has subject matter jurisdiction over Plaintiff's claims. *Perlinger v. Buchanan*, No. 2:22-cv-00169-DNC, 2022 WL 1719341, at *2 (D. Idaho May 27, 2022); *see also Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not required, mere "labels and conclusions" of the elements of a cause of action do not suffice. *Id*. The complaint must include "enough

facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). "To be facially plausible, the complaint must allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Pullins v. Thomson Reuters Inc.*, No. 1:21-cv-02009-TWP-MG, 2022 WL 900183, at *2 (S.D. Ind. Mar. 28, 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In screening any *pro se* litigant's pleadings, the Court must construe the claims liberally. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008); *see also Pullins*, 2022 WL 900183, at *2.

III.   ANALYSIS

In his Complaint, Plaintiff appears to bring claims against Assistant Vice President and Trust Officer Brandon Hunsley of Jackson County Bank ("J.C.B.") for alleged violations of the Americans with Disabilities Act, 29 U.S.C. § 12101, ("ADA"), the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and various constitutional violations under 5 U.S.C. § 7153.[1]

Plaintiff's Complaint consists of generalized statements devoid of any factual enhancements that would allow the Court to determine whether the Complaint complies with the pleading requirements of Federal Rule of Civil Procedure 8(a).

---

[1] The Undersigned notes that 5 U.S.C. § 7153 has since been redesignated as 5 U.S.C. § 7203. In addition, 5 C.F.R. § 713.401, which Plaintiff relies on, does not appear in the current Code of Federal Regulations. Both 5 U.S.C. § 7153 and 5 C.F.R. § 713.401 prohibited discrimination in federal agencies, on the basis of physical handicap, in appointment, position changes, and adverse actions taken against federal employees. *See Fed. Emp. for Non-Smokers' Rts. (FENSR) v. United States*, 446 F. Supp. 181, 184 n.1 (D.D.C. 1978); *Ryan v. Fed. Deposit Ins. Corp.*, 565 F.2d 762, 763 (D.C. Cir. 1977). Because Plaintiff does not allege that he is employed by a federal agency or that the Defendant is a federal agency, this statute is not applicable.

3

Under the *Twombly* standard, Fed. R. Civ. P. 8 requires plaintiffs to state a claim to relief that is plausible on its face, and factual allegations must be enough to raise a right to relief above the speculative level. *Tietjen v. Moe's Sw. Grill*, No. 1:18-cv-02206-TWP-DML, 2020 WL 1940723, at *6 (S.D. Ind. Apr. 22, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 570).

In the Complaint, Mr. Barnes, the Plaintiff, simply asserts that Defendant Hunsley discriminatorily denied him "a contracted agreement" on "the basis of a mental and physical handicap." (Dkt. 1). Plaintiff maintains that as a result of Defendant's actions, he "lost everything he had owned including his deceased daughter's urn of ashes and family memorabilia." (Id.). Based on these conclusory allegations, it is unclear whether Mr. Barnes has standing to bring any claims against Mr. Hunsley, in his individual capacity, under the ADA, Rehabilitation Act, or Title VII. *See Gibson v. Ind. State Pers. Dep't*, No. 1:17-cv-01212-RLY-TAB, 2017 WL 6342009, at *2 (S.D. Ind. Dec. 12, 2017). Plausibility in a complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 663. Because the Undersigned is unable to determine whether Mr. Barnes has plead any cognizable claims, the Court should find it impractical and unfair to require the Defendant to answer the pending Complaint.

### IV. CONCLUSION

For the foregoing reasons, the Undersigned recommends that Plaintiff's Complaint be dismissed with leave to file an amended complaint by **July 8, 2022**.

Any objections to the Magistrate Judge's Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

So RECOMMENDED.

Date: 6/13/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DOUGLAS J. BARNES
215 South Westplex Ave.
Bloomington, IN 47404